# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| KEVIN KELLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:21-cv-1885 |
| | ) |
| COSTCO WHOLESALE | ) |
| CORPORATION | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 19, 2021.

## PARTIES

3. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in October 2013.

6. Plaintiff performed his job well.

7. Plaintiff was promoted to a supervisor position in 2016.

8. On March 6, 2019, Plaintiff contacted Defendant's Corporate Office informing the HR manager of the harassment and discrimination that was taking place at the Defendant's location.

9. The HR manager played the recording of the call for Plaintiff's manager and the manager approached Plaintiff about his complaint. Management denied Plaintiff's allegations.

10. In March of 2019, Plaintiff filed an EEOC complaint alleging retaliation for engaging in protected activity.

11. On April 13, 2019, Defendant investigated Plaintiff's complaints. At the meeting, the representative for Costco accused Plaintiff of attempting to take the manager's position.

12. Plaintiff requested to leave the store location due to the manager's actions. During the investigation, Defendant's representative told Plaintiff that Defendant could 'do whatever they wanted', and Plaintiff was constantly pulled into meetings and written up for things he did not do.

13. Defendant's Representative stated that Plaintiff was a liar and he hoped he could find a reason to fire him.

14. In March/April of 2019, Defendant's Representative took a position as General Manager at the store Plaintiff was currently working.

15. On May 6, 2019, Plaintiff was pulled into a meeting and written up for not wearing a vest. The General Manager asked if Plaintiff thought he was being targeted, and stated that he should just quit.

16. On July 23, 2020, Plaintiff was suspended for allegedly stealing masks. Plaintiff did not steal masks, and was told that as a supervisor he should take masks home because he needed to have a mask on before entering the premises.

17. Plaintiff was suspended for three days without pay.

18. Other similarly situated Caucasian supervisors took home masks and were not disciplined or suspended.

19. On July 27, 2020, Plaintiff was informed that he was being demoted and his shift would be changed. Plaintiffs new position pays less and has different hours.

20. Plaintiff was replaced by a Caucasian woman who had less seniority and experience than Plaintiff.

21. Plaintiff was demoted due to his race.

22. Plaintiff was suspended due to his race.

23. Plaintiff was demoted for engaging in protected activity.

24. Plaintiff was suspended for engaging in protected activity.

## COUNT I

25. Plaintiff incorporates by reference paragraphs 1-24.

26. Defendant, as a result of demoting Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

27. Plaintiff incorporates by reference paragraphs 1-24.

28. Defendant, as a result of demoting Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT III

29. Plaintiff incorporates by reference paragraphs 1-24.

30. Defendant, as a result of demoting Plaintiff due to engaging in protected activity violated 42 U.S.C. § 1981.

### COUNT IV

31. Plaintiff incorporates by reference paragraphs 1-24.

32. Defendant, as a result of demoting Plaintiff due to engaging in protected activity violated Title VII 42 U.S.C. § 2000 et al.

### COUNT V

33. Plaintiff incorporates by reference paragraphs 1-24.

34. Defendant, as a result of suspending Plaintiff due to engaging in protected activity violated Title VII 42 U.S.C. § 2000 et al.

### COUNT IV

35. Plaintiff incorporates by reference paragraphs 1-24.

36. Defendant, as a result of suspending Plaintiff due to his race, violated 42 U.S.C. § 1981.

### COUNT VI

37. Plaintiff incorporates by reference paragraphs 1-24.

38. Defendant, as a result of suspending Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT VII

39. Plaintiff incorporates by reference paragraphs 1-24.

40. Defendant, as a result of demoting Plaintiff due to engaging in protected activity violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A. Award Plaintiff back pay and benefits lost;

    B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

    C. Award Plaintiff punitive damages;

    D. Award Plaintiff his cost in this action and reasonable attorney fees;

    E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer 36230-29
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

                                      s//Sarah E. Larimer
                                      Sarah E. Larimer 36230-49
                                      Attorney for Plaintiff

Sarah E. Larimer 36230-29
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416